[Criminal No. 225.   Filed March 30, 1906.]

[85 Pac. 1058.]

# L. C. HUGHES, Appellant, v. TERRITORY OF ARIZONA, Respondent.

1. CONTEMPT—PUNISHMENT—POWER OF COURT—NOT ABRIDGED BY STAT-UTE—REV. STATS. ARIZ. 1901, PEN. CODE, SECS. 3, 11, 162, 621, AND CIVIL CODE, PARS. 1223, 1237, CONSTRUED.—Section 3, *supra,* providing that no act or omission commenced after this code takes effect as a law shall be criminal or punishable except as prescribed herein; section 162, *supra,* making every person guilty of contempt of court in certain enumerated instances guilty of a misdemeanor but not making publication in a newspaper concerning a pending cause one of these, taken in connection with section 11, *supra,* which provides that the code does not affect any power conferred by law on any tribunal to inflict punishment for contempt; section 621, *supra,* providing "A criminal act is not the less punishable as a crime because it is also declared to be punishable as a contempt;" and paragraphs 1223, 1237, *supra,* conferring on district courts original and appellate jurisdiction and in addition to the power conferred by statutes, the power to proceed according to the course of the common law; when construed together, show that the legislature did not by sections 3 or 162, *supra,* abridge the power of the court to punish for a criminal contempt.

2. SAME—TITLE OF PROCEEDINGS—NOT JURISDICTIONAL.—The title of the petition in a prosecution for criminal contempt is not jurisdictional, hence a failure to entitle the petition in the name of the territory, did not render the proceedings of the court void.

3. SAME—SAME.—The better form in proceedings in contempt is to entitle them, "In the matter of the proceedings against —————, for contempt of court," rather than in the name of the territory.

4. SAME—PETITION—ALLEGATIONS ON INFORMATION AND BELIEF—SUF-FICIENCY.—In a petition in criminal contempt an allegation on information and belief that defendant was the proprietor and editor of the paper and published articles concerning pending causes was sufficient to put defendant to his denial.

5. SAME—DEFENSE—TRUTH OF PUBLICATION—IMMATERIAL.—In a proceeding for criminal contempt in publishing articles in relation to actions pending in court, the truth or falsity of the statements contained in such articles is immaterial.

6. SAME—RIGHT OF APPEAL.—*Quære:* Has the defendant the right to review by appeal a determination of the district court in contempt?

APPEAL from a judgment of the District Court of the First Judicial District in and for the County of Pima. John H. Campbell, Judge.

From a judgment imposing a fine and from an order denying a new trial, appellant appeals. Affirmed.

Worsley & Van Dyke, and John T. Hughes, for Appellant.

Appeal is the proper method of review from a judgment in criminal contempt proceedings where the court has exceeded its jurisdiction. *Gandy* v. *State,* 13 Neb. 445, 14 N. W. 143, and cases cited; *Ex parte Rowe,* 7 Cal. 176; *Ware* v. *Robinson,* 9 Cal. 108; *Whittem* v. *State,* 36 Ind. 196; *In re Spofford,* 62 Fed. 443; *Burke* v. *Territory,* 2 Okla. 499, 37 Pac. 829; *Wyatt* v. *People,* 17 Colo. 252, 28 Pac. 961; *In re Millington,* 24 Kan. 214; *Stuart* v. *People,* 3 Scam. 395; *Shannon* v. *State,* 18 Wis. 604; *McCredie* v. *Senior,* 4 Page, 378; *Buel* v. *Street,* 9 Johns. 443; *Ex parte Thatcher,* 2 Gilm. (Ill.) 170; *Stoke's Case,* 5 S. C. 71; *In re Hackley,* 24 N. Y. 74; *Tyler* v. *Hamersley,* 44 Conn. 393, 26 Am. Rep. 471; *Sessons* v. *Gould,* 63 Fed. 1002, 11 C. C. A. 550. At common law appeal and review were not allowed, but the court would look into the charge and see if it was such an offense as gave the court jurisdiction. See, *Gandy* v. *State, supra; In re Hackley, supra;* and *Tyler* v. *Hamersley, supra.* An examination of the authorities discloses a decided tendency, independent of statutory enactments, toward an extension of the privilege of appeal and writ of error. See cases cited under first heading and 4 Ency. of Plead. & Prac., pp. 811-813, and cases cited; 2 Ency. of Plead. & Prac., p. 129.

Contempt of court is a specific criminal offense and the imposition of the fine (in contempt proceedings) was a judgment in a criminal case. *New Orleans* v. *Steamship Co.,* 20 Wall. 392, 22 L. Ed. 357; *In re Acker,* 66 Fed. 292; *Ex parte Crittenden,* 62 Cal. 534; *In re Buckley,* 69 Cal. 1, 10 Pac. 69; *McClatchey* v. *Superior Court Sacramento Co.,* 119 Cal. 413, 39 L. R. A. 691, 51 Pac. 696; *State ex rel.* v. *Civil District Court Judges,* 32 La. Ann. 1256-1262.

The proceedings should have been commenced in the name of the territory of Arizona. 9 Cyc. 36, and cases cited. Criminal contempt of court is a specific criminal offense and the imposition of the fine was a judgment in a criminal case.

*New Orleans* v. *Steamship Co.,* 20 Wall. 392, 22 L. Ed. 357; *Hummell's Case,* 9 Watts, 421; *In re Buckley,* 69 Cal. 1, 10 Pac. 69; *Ex parte Crittenden,* 62 Cal. 534; *McClatchey* v. *Superior Court Sacramento Co.,* 119 Cal. 413, 39 L. R. A. 691, 51 Pac. 696. And should be brought in the name of the state. *State* v. *Nathans,* 49 S. C. 204, 27 S. E. 54; *Durant* v. *Washington Co.,* 1 Woolf (U. S.) 377, Fed. Cas. No. 4191; *In re Ellerbe,* 13 Fed. 530, 4 McCrary (U. S.) 449; *Lester* v. *People,* 150 Ill. 408, 41 Am. St. Rep. 375, 23 N. E. 387, 37 N. E. 1004; *Arnold* v. *Commonwealth,* 80 Ky. 300, 44 Am. Rep. 480; *McDermott* v. *Clary,* 107 Mass. 501; *Nelson* v. *Ewell,* 2 Swan (Tenn.) 271; *Haight* v. *Lucia,* 36 Wis. 355; and the order must be entitled in the name of the territory, as well as the whole proceedings. The proceeding is governed by the analogies of a criminal prosecution. 1 McLain on Criminal Law, 9; 4 Ency. of Plead. & Prac., p. 770. Criminal contempt must be brought either in the name of the state or must be entitled in the name of the case out of which the contempt arose.

The proceeding was an attempt to prosecute the accused in a criminal action upon a petition, material portions of which were sworn to on information and belief. An affidavit upon information and belief is insufficient and does not confer jurisdiction. *State ex rel. Jones* v. *Conn,* 37 Or. 596, 62 Pac. 289; Works' Courts, 492; *Wyatt* v. *People,* 17 Colo. 252, 28 Pac. 961; *Batchelder* v. *Moore,* 42 Cal. 412; *McConnell* v. *State,* 46 Ind. 298; *Ludden* v. *State,* 31 Neb. 429, 48 N. W. 61; Rapalje on Contempts, secs. 93, 94; *Ex parte Peck,* 3 Blatchf. 113, Fed. Cas. No. 10,885; *Freeman* v. *City of Huron,* 8 S. Dak. 435, 66 N. W. 928. Malice is an essential element of a criminal offense, and by the statute of Arizona is not to be implied by the publication alone. Ariz. Crim. Code, 226; *State* v. *McClaugherty,* 33 W. Va. 250, 10 S. E. 407. The court had no jurisdiction to try the offense or offenses alleged, as the various statutory enactments in regard to contempt proceedings annulled the common law on the subject, and limited the power of the courts to punish for only such classes of contempt as are enumerated in the statutes. Citing authorities on the question of whether the territorial legislature had power to regulate and limit the inherent power of the courts to punish for contempt.

It was error not to sustain defendant's motion for the reason that malice is an essential part of every criminal offense, and the publications themselves did not disclose malice and the answer disclaimed it. Guilt of the accused in criminal contempt, like in any other criminal offense, must be established beyond a reasonable doubt. *In re Buckley,* 69 Cal. 1, 10 Pac. 68; *New Orleans* v. *Steamship Co.,* 20 Wall. 392, 22 L. Ed. 357; *Ex parte Crittenden,* 62 Cal. 534; *State* v. *Ralphsnyder,* 34 W. Va. 352, 12 S. E. 720; *State* v. *Cunningham,* 33 W. Va. 607, 11 S. E. 76; 9 Cyc. 45; 4 Ency. of Plead. & Prac., p. 767. Every presumption and intendment of innocence is made in favor of the party charged. 4 Ency. of Plead. & Prac., p. 769, and cases in note. By the Arizona statute, malice is not inferred from the publication only, but must be proved. Crim. Code, sec. 226. The refusal by the court to allow appellant the right to make his defense by introducing evidence to establish the truth of the statements made in the publications was not a mere irregularity, but the deprivation of a fundamental right. *McClatchey* v. *Superior Court of Sacramento Co.,* 119 Cal. 413, 39 L. R. A. 691, 51 Pac. 696; *State ex rel.* v. *Civil District Court Judges,* 32 La. Ann. 1256, 1262; Rapalje on Contempts, sec. 11; *Hovey* v. *Elliott,* 167 U. S. 409, 17 Sup. Ct. 841, 42 L. Ed. 215; *Gilpin* v. *Page,* 18 Wall. 350, 21 L. Ed. 959. Where the publication is capable of two meanings, one libelous and the other innocent, a disclaimer of evil intent is conclusive. *Fishback* v. *State,* 131 Ind. 304, 30 N. E. 1088; *Allen* v. *State,* 131 Ind. 599, 30 N. E. 1093.

E. S. Clark, Attorney-General, Eugene S. Ives, and Benton Dick, for Respondent.

The question of title to the proceeding in contempt is immaterial; it is sufficient if it contains enough to really inform the parties. *Beck* v. *State,* 72 Ind. 250. It is frequently left to the discretion of the parties seeking redress. 4 Ency. of Plead & Prac., p. 774. As there is no uniform practice, it cannot be irregular to entitle the proceedings in either way. *Stafford* v. *Brown,* 4 Paige Ch. 362. It is strictly regular to entitle them in the name of the people, but they may be and usually are entitled in the original suit, and the latter is the more convenient practice.

That no affidavit is necessary when the publication, as in this case, is made during the trial in a newspaper having circulation where the trial is being held. See *Telegram etc. Co.* v. *Commonwealth*, 172 Mass. 294, 70 Am. St. Rep. 280, 52 N. E. 445, 44 L. R. A. 161, 162. Whether regular or irregular, the matter comes directly within the purview of section 834 of the Penal Code and paragraph 1293 of the Civil Code.

KENT, C. J.—The record shows that it was brought to the attention of the court below by the verified petition of one Albert Steinfeld, that in connection with certain proceedings in that court in Tucson, both criminal and civil, relating to one Harcourt and one Bartlett, the appellant had published in a newspaper in Tucson belonging to him four editorial articles which it was claimed were in contempt of court, in that they tended to influence the proceedings in said cases and to obstruct justice. Upon this petition an order to show cause was issued against the appellant, who appeared and made answer admitting the publication of the articles, but denying that they were published with intent to obstruct justice. The court below heard evidence in the case, and adjudged the appellant guilty of criminal contempt, and imposed a fine.

It is claimed by the appellant that the district court was without jurisdiction in the matter, and that its judgment should therefore be set aside. The appellant contends that, even though the rule be that the legislature may not abridge the power of a court created by the constitution to punish for contempt, the rule is otherwise where the court is the creature of the legislature. He contends that the district court of the territory is a creature of the legislature of this territory, and that therefore the legislature of the territory has the right to abridge its power to punish for contempt, civil or criminal. He further contends that by section 3 of the Penal Code the legislature has exercised such power, and that by virtue of the provisions of that section all common-law offenses have been abolished, and with them the inherent power of the court to punish for contempt, except as prescribed in the Civil and Criminal Codes, and that, as this offense is a criminal contempt, it can only be punished as

provided in section 162 of the Penal Code. These provisions of the Penal Code are as follows:—

"Sec. 3. This code shall take effect at 12 o'clock, noon, on the first day of September, 1901. No act or omission commenced after 12 o'clock, noon, of the day on which this code takes effect as a law, is criminal or punishable, except as prescribed or authorized by this code, or by some of the statutes which it specifies as continuing in force and as not affected by its provisions, or by some ordinance, municipal, county, or town regulation, passed or adopted under such statutes and in force when this code takes effect. Any act or omission occurring prior to that time may be inquired of, prosecuted and punished in the same manner as if this code had not been passed."

"Sec. 162. Every person guilty of any contempt of court in either of the following kinds is guilty of a misdemeanor:" [Then follow eight subdivisions of the section, specifying different offenses, none of which include the particular offense in question.]

We do not need to determine to what extent, if at all, the legislature may limit the power of a district court of this territory in respect to its common-law and equity jurisdiction, under the powers conferred upon it by our Organic Act; or whether in any event the legislature could take away from such court the power inherent in it to protect itself by summary procedure from acts constituting a criminal contempt, for we do not agree with the appellant that the legislature has attempted to abridge the power of the court to punish for contempt. The correctness of his other premises need not, therefore; be considered. Section 11 of the Penal Code provides: "This code does not affect any power conferred by law upon any court-martial, or other military authority or officer, to impose or inflict punishment upon offenders; nor any power conferred by law upon any public body, tribunal or officer, to impose or inflict punishment for a contempt." Section 621 of the Penal Code provides: "A criminal act is not the less punishable as a crime because it is also declared to be punishable as a contempt." Our Organic Act provides that the district courts "shall possess chancery, as well as common-law, jurisdiction." Our legislature has provided, with respect to the district courts in our Civil Code, that—

"In addition to the jurisdiction of the district courts, as conferred by the constitution and laws of the United States, their jurisdiction shall be of two kinds. First, original; second, appellate."

"The said district courts in addition to the powers conferred by statutes, shall have power to proceed according to the course of the common law." Rev. Stats. Ariz. 1901, pars. 1223, 1237.

We think it is clear, construing all the provisions of our law together, irrespective of whether it had the power so to do, that the legislature did not, by section three of the Penal Code, abridge the power of the court to punish for a criminal contempt; and that it had no intention so to do. The provision of section 162 of the Penal Code cannot be construed as in any manner limiting the power of the court to punish for a contempt. It merely provides that certain contempts are misdemeanors and may be punished as such. In passing upon such a contention upon a similar statute, the supreme court of Oklahoma said, in language which meets our approval: "This contention is untenable for two reasons. In the first place, the language of the statute itself shows a clear intention on the part of the legislature not to make contempts of court exclusively punishable by prosecutions by indictment. The act evinces no intention on the part of the legislature to take away from the court a power which it already had to punish contempts of court in the summary manner of such proceedings. The legislature simply provided that contempts of court were also misdemeanors. It declared that an offense against the court, of a certain prescribed kind, was also an offense against the public. This was proper legislation, and in no way affected the court's power to punish, by the ordinary proceedings, such contempts. The legislature undoubtedly intended that the judge of the court whose office was transgressed, whose dignity was offended, and whose integrity was impeached, should not be the only person to determine whether such acts should be prosecuted. Such conduct is often overlooked by the courts when the acts are a serious injury to the public. The diffidence of courts to take up for investigation and punishment matters which are aimed, not only at the court in its public capacity, but also in its individuality, often permits

such transgressions, as contempt of court, to be overlooked and allowed to go unnoticed, by the judges of the courts; and the public welfare, the morals, the good behavior and the proper consideration of a community for governmental functions are hereby often greatly injured. The legislature intended that the public itself might also have a right to prosecute these offenses; not to take away a power which the court already had to punish the offender, but to prescribe a means in addition to that already possessed for such punishment." *Burke* v. *Territory,* 2 Okla. 499, 37 Pac. 829.

It is urged by the appellant that the court below was without jurisdiction, because the proceedings as instituted, were not in the name of the territory, but were entitled, "In the matter of the petition of Albert Steinfeld for an order declaring L. C. Hughes guilty of criminal contempt." The record shows that the proceedings were commenced by a petition so entitled, and were carried on under such title, through the proceedings until the order of attachment was issued, which order and the subsequent judgment were entitled, "The territory of Arizona against L. C. Hughes." In the absence of statute or rule of court, there seems to be no uniform practice in the matter in the various jurisdictions. Generally the proceedings, at least, after the attachment or order to show cause has issued, seem to be entitled in the name of the people. We incline to the belief that the better form is to entitle the proceedings, "In the matter of the proceedings against ———, for contempt of court," rather than to entitle them in the name of the territory; but the matter of the title of the petition or of the proceedings is unimportant, and not one that affects the jurisdiction of the court. The court might have instituted the proceedings of its own motion, had it had knowledge of them, without any preliminary petition or other application. "In the present cases it was not necessary that a formal complaint should first have been made to the court. The contempt, if there was one, was not, strictly speaking, committed in the presence of the court, but it related to a trial then proceeding before the court. In each case a summons to the plaintiffs in error was issued by the court, of its own motion, and without complaint made, to show cause why the corporations should not be adjudged in contempt for publishing an article dealing

with a matter on trial before the court. When it comes in any manner to the knowledge of the presiding justice of a court that articles are published in a newspaper circulated in the place where the court is held which are calculated to prevent a fair trial of a cause then on trial before the court, the court of its own motion, can institute proceedings for contempt. Such a power in the court is necessary for its own protection against an improper interference with the due administration of justice, and it is not dependent upon the complaint of any of the parties litigant. If the publication amounts to contempt of court, because it interferes with the due administration of justice in a cause before the court, the contempt is analogous to a contempt committed in the presence of the court." *Telegram Co.* v. *Commonwealth,* 172 Mass. 294, 52 N. E. 445, 44 L. R. A. 159, 70 Am. St. Rep. 280. The minute entries in the case show that upon the filing of the petition an order to show cause why an attachment should not issue was served on the appellant. To this the appellant filed an answer. A hearing was had, evidence taken, and judgment rendered. The appellant's rights were fully protected, and the defect in the form and title of the proceeding, if it existed, since it in nowise affected the substantial rights of the appellant, is to be disregarded.

It is further urged that the petition was insufficient, since it alleged certain matters on information and belief, such as that the appellant was the proprietor and editor of the paper and published the articles in question. These matters were not denied by the appellant, and such an allegation was sufficient to put the defendant to his denial. Rapalje on Contempts, sec. 94.

It is further claimed that the court erred in not allowing the appellant to prove the truth of the statements made in the articles published by him. The trial court was clearly right in refusing to hear evidence as to the truth of the statements made as to Harcourt and Bartlett. The gravamen of the charge was not the alleged false character of the publications, or that the statements made as to these persons were false, but was the publication of articles tending to prejudice the public and the members of the jury, and thereby to influence the result of the pending trials. The truth or

the falsity of the statements contained in the articles was immaterial. Whether true or false, the court found their tendency was to prejudice and influence the public and the jury, and the result of the trial, and thus obstruct justice. The publication was therefore a contempt of court, irrespective of the truth or falsity of the statements contained in the articles. It would seem almost superfluous to point out why, in the furtherance of justice, newspapers must refrain from the publication of articles intended or calculated to influence a court or jury in the determination of a cause pending before them. It is not a question of abridging the freedom of the press, but one of restraining and controlling a license, happily but seldom indulged in, which carries such newspapers beyond the bounds of propriety, in an endeavor improperly to use their great power to influence judicial action. The reason why restraint must be put upon them to prevent such abuse of power is apparent, and is well stated by the supreme court of Colorado: "Parties have a constitutional right to have their causes tried fairly in court, by an impartial tribunal, uninfluenced by newspaper dictation or popular clamor. What would become of this right if the press may use language in reference to a pending cause calculated to intimidate or unduly influence and control judicial action? Days and sometimes weeks are spent in the endeavor to secure an impartial jury for the trial of a case; and when selected, it is incumbent upon the court to exercise the utmost care in excluding evidence of matters foreign to the issues involved, so that the minds of the jurors may not perchance be unduly biased or prejudiced in reference either to the litigants or to the matters upon trial. But if an editor, a litigant, or those in sympathy with him, should be permitted, through the medium of the press, by promises or threats, invective, sarcasm, or denunciation, to influence the result of the trial, all the care taken in the selection of the jury, as well as the precaution used to confine their attention at the trial solely to the issues involved, will have been expended in vain." *Cooper* v. *People,* 13 Colo. 337, 373, 6 L. R. A. 430, 22 Pac. 790.

The court below found as a fact that the appellant was guilty of criminal contempt of court in knowingly having published the articles in question, and that such publication

was an interference with, and obstruction of, justice. We are not at liberty to review on this appeal the facts so found, or the decision of the lower court upon that issue. Upon the questions of law presented, we are of the opinion that the court, having jurisdiction of the person of the appellant and of the subject-matter of the proceeding, had jurisdiction to determine the matter, and to enter the judgment; and that the record presents no reversible error. We think it proper to point out that, inasmuch as the question of the right of the appellant to review by appeal a determination of the district court in proceedings for contempt has not been raised, we have not passed upon such question, but have considered the matters presented as if such method of review were available to the appellant.

The judgment of the district court is affirmed.

SLOAN, J., DOAN, J., and NAVE, J., concur.

NOTE.—For truth as defense to publication, pending trial, if article tending to influence result, see note to this case in 6 L. R. A. (N. S.) 572.